BOLIVIAN PANAMA HAT CO., INC., Plaintiff, *v.* ——— FINKEL-
STEIN and Another, Defendants.

Supreme Court, New York County, October 21, 1925.

Trade unions — picketing — action to restrain labor union from acts of
violence and from picketing — defendants cannot interfere with plain-
tiff's business by picketing when no strike is in progress — injunction
granted.

Defendants, members of a labor union, must necessarily be restrained by an
injunction from directing the commission of acts of violence in front of plaintiff's
place of business and from picketing in the vicinity thereof, where it appears
that no strike is in progress and that defendants' labor union is simply acting
for its own purposes in attempting to intimidate the plaintiff into agreeing to
a wage scale favorable to the union.

ACTION to restrain acts of violence and picketing.

*Henry Pearlman*, for the plaintiff.

*Phillips, Leibell & Fielding*, for the defendants.

PROSKAUER, J.   This is an application for an injunction in the
usual form, restraining the defendant labor union from acts of
violence and also from picketing.   There was no objection made on
the argument to the issuance of an injunction against acts of violence
and intimidation, but the defendants claim the right of peaceful
picketing.

In the case of an ordinary strike, they are, of course, entitled
to picket.   If, however, there is no strike whatever in the plaintiff's
premises, if all its employees are content, and the union is simply
acting for purposes of its own, it has no right to interfere with
plaintiff's business by picketing or similar means.   (*Arnheim, Inc.*, v.
*Hillman*, 198 App. Div. 88; *Skolny* v. *Hillman*, 114 Misc. 571; affd.,
198 App. Div. 941; *Pré Catelan* v. *International Federation of Workers*,
114 Misc. 662; *Stuyvesant L. & B. Corp.* v. *Reiner*, 110 id. 357;
affd., 192 App. Div. 951.)

The defendants adduce no evidence whatever to contradict in
any material degree the plaintiff's showing that there is no strike
among its workers.   They rest upon an alleged oral agreement,
made simultaneously with the written agreement in the spring of
1925.   The written agreement fixed a wage scale for the balance of
the 1925 season.   This agreement expired in the spring of 1925.
The alleged oral agreement was to the effect that, beginning with
the fall of 1925, the plaintiff would hire union laborers and pay them
a certain wage scale through the year 1926.   It is highly improbable
that a written agreement would have been made which did not

22

cover all the terms upon which the parties had agreed at the same time. The weight of evidence is clearly with the plaintiff on this point.

Furthermore, even if the agreement had been made, its breach by the plaintiff would not have constituted a strike among its employees. Defendants' remedy for such breach is certainly not to picket the plaintiff's place of business with signs bearing the incorrect statement that there is a strike in the plaintiff's business.

Motion granted. Settle order on notice.